IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MARK DOUGLAS GRISSOM,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| v. ] | Case No. 2:25-cv-126-ACA |
| ] | |
| **THE DEPARTMENT OF** ] | |
| **VETERAN AFFAIRS, et al.,** ] | |
| ] | |
| **Defendants.** ] | |

## MEMORANDUM OPINION

*Pro se* Plaintiff Mark Grissom is a former employee of the Department of Veterans Affairs. He brought this suit against ten VA employees whom he alleges improperly accessed his medical records, conspired against him after he filed a lawsuit, and created false records that led to his termination. (Doc. 54). Mr. Grissom brings three counts for alleged constitutional violations pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971): a Due Process violation ("Count One"); a Fourth Amendment violation ("Count Two"); and conspiracy to violate the Fourth and Fifth Amendments ("Count Three"). (*Id.* ¶¶ 46–62). He also asserts a claim under 42 U.S.C. § 1985(2) for conspiracy to intimidate federal witnesses ("Count Four"). (*Id.* ¶¶ 63–68)

All defendants move to dismiss the second amended complaint. (Docs. 57, 61). For the reasons below, the court **GRANTS** the defendants' motions and

**DISMISSES** Counts One, Two, and Three **WITHOUT PREJUDICE** for lack of subject matter jurisdiction and **DISMISSES** Count Four **WITHOUT PREJUDICE** for failing to state a claim. (Docs. 57, 61). The court **FINDS AS MOOT** Mr. Grissom's motion for a protective order (doc. 67) and his motion for continuation of partial summary judgment (doc. 74).

I.   BACKGROUND

At this stage, the court must accept as true the factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *Butler v. Sheriff of Palm Beach Cnty.*, 685 F.3d 1261, 1265 (11th Cir. 2012).

Mr. Grissom worked at the Tuscaloosa Veterans Affairs Medical Center. (Doc. 54 ¶ 3). In July 2019, he sued several VA employees (many of whom are also defendants in this lawsuit). (*Id.* ¶ 15). The defendants then "accessed private information, created, maintained, used, and actively concealed secret false records." (*Id.* ¶ 16). They created a VA police "Be On the Lookout" that warned VA employees that Mr. Grissom was potentially dangerous. (*Id.*). Defendant John Merkle, director of the Tuscaloosa VA Medical Center, issued a lockdown order for the Medical Center because of Mr. Grissom. (Doc. 54 ¶¶ 4, 18). Defendant Stephanie Wallace, executive assistant to the VA chief of staff, "doxed" Mr. Grissom by contending that he threatened a mass shooting. (*Id.* ¶¶ 5, 17–18). And Defendant

2

Chris Chouinard, a labor relations human resources official, asserted that Mr. Grissom was a threat because he owned guns. (*Id.* ¶¶ 6, 19).

Shortly after these actions, Mr. Grissom's performance evaluations noted employment retaliation. (*Id.* ¶ 21). But Defendant Ben Nunn, the Equal Employment Opportunity manager, deleted evidence of retaliation in those documents. (Doc. 54 ¶¶ 9, 21). After Mr. Grissom's supervisors denied him remote work (*id.* ¶ 23), Defendant Nathan Whitaker, the associate chief of staff for specialty care, then recommended Mr. Grissom's removal based on the lawsuit and allegations of harassment contained in the "false records." (*Id.* ¶¶ 8, 24; *see also id.* ¶ 16).

Three years later, Mr. Grissom submitted Freedom of Information Act requests for the police records against him, but these requests were unsuccessful. (Doc. 54 ¶¶ 27, 30–31). Around the same time, a VA police official investigated the lockdown incident, but the investigation ended without resolution. (*Id.* ¶ 28).

In 2025, Mr. Grissom had a hearing before the Merit Systems Protection Board ("MSPB"). (*Id.* ¶ 33). Mr. Merkle did not provide Mr. Grissom with certain documents and submitted false documents. (*Id.* ¶¶ 32–33). Other defendants did not testify truthfully in the hearing. (Doc. 54 ¶ 34). Because of these actions, Mr. Grissom lost his job, its benefits, and other career opportunities. (*Id.* ¶¶ 41–43).

## II. DISCUSSION

The defendants move to dismiss this action for several reasons. (Docs. 57, 61). First, they argue that there is no *Bivens* remedy for the alleged constitutional violations, special factors counsel against extending *Bivens* to a new context, and they are entitled to qualified immunity for any *Bivens* claim. Second, they contend the court lacks subject matter jurisdiction over Counts One, Two, and Three because they are precluded by the Civil Service Reform Act of 1978 ("CSRA"), 5 U.S.C. § 1101 *et seq*. Third, the defendants argue Count Four fails to state a claim. (*See* doc 57 at 2; doc. 61 at 1–2)). The court must address any jurisdictional challenge before turning to the merits. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007).

1. Counts One through Three

"The CSRA established a comprehensive system for reviewing personnel action taken against federal employees." *Elgin v. Dep't of Treasury*, 567 U.S. 1, 5 (2012) (quotation marks omitted). An employee may challenge certain adverse employment actions, like termination, by appealing to the MSPB. *Id.* at 5–6. If an employee disagrees with the MSPB's determination, he may appeal the MSPB's final decision to the Court of Appeals for the Federal Circuit. *Id.* at 6. An employee is not entitled to additional review in a district court, even if he is asserting a constitutional challenge. *Id.* at 11–12, 15. If an employee's constitutional claims are

4

the vehicle by which he seeks to reverse a removal decision and receive the compensation he would have earned but for removal, the CSRA nevertheless grants near-exclusive jurisdiction in the MSPB and the Federal Circuit. *Elgin*, 567 U.S. at 21–22.

This court lacks jurisdiction over Counts One, Two, and Three because the United States Court of Appeals for the Federal Circuit is the proper avenue to "review the MSPB decision, including any factual record developed by the MSPB in the course of its decision on the merits." *Id.* at 20. Mr. Grissom's second amended complaint asserts claims against his former coworkers and supervisors and challenges actions that led to his removal. (*See* doc. 54 ¶¶ 18–25, 39, 47, 52, 58–59). He alleges that the defendants improperly made "secret false records" and relied on those documents to terminate him in retaliation for the lawsuit. (*Id.* ¶ 16, 24, 47). He also contends the defendants used these false records in his MSPB proceedings. (*Id.* ¶¶ 32–36, 47, 53, 58). Mr. Grissom also seeks lost wages, employment benefits, and retirement benefits (*id.* ¶¶ 42–43, 47, 49, 55, 61), which is "relief that the CSRA routinely affords." *Elgin*, 567 U.S. at 22. Accordingly, Mr. Grissom's "constitutional claims are the vehicle by which [he] seek[s] to reverse the removal decisions . . . and to receive the compensation [he] would have earned but for the adverse employment action." *Id.* at 22. So the court does not have subject matter jurisdiction.

5

Mr. Grissom argues that the CSRA remedies are "inadequate for these constitutional claims." (Doc. 59 at 18). But the heart of Mr. Grissom's requested relief is to receive the compensation he would have earned but for his removal. *See Elgin*, 567 U.S. at 22; (doc. 54 ¶¶ 41–43, 47, 49, 61). Mr. Grissom also argues that his claims do not focus on personnel actions but rather "independent constitutional harms." (Doc. 65 at 11). But Mr. Grissom ties the alleged constitutional violations directly to his employment and ultimate termination and seeks relief based on the alleged improper termination. (*See* doc. 54 ¶¶ 21–24, 32–36, 39, 41–43, 47, 49, 61).

Because Counts One, Two, and Three fall within the CSRA, the court **GRANTS** the defendants' motions and **DISMISSES** those claims **WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

2. Count Four

Section 1985(2) makes it unlawful for "two or more persons" to "conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein" or to "to injure such party or witness in his person or property on account of his having so attended or testified." 42 U.S.C. § 1985(2). To show a § 1985 conspiracy, the plaintiff must plead an agreement between two or more persons. *See Wainberg v. Mellichamp*, 93 F.4th 1221, 1225 (11th Cir. 2024). Moreover, "[i]n the context of section 1985 conspiracy claims, conclusory, vague, and general allegations of

6

conspiracy may justify dismissal of a complaint." *Id.* at 1224 (quotation marks omitted). The defendants argue Mr. Grissom fails to state a claim for several reasons, but because the court agrees Mr. Grissom did not plead a conspiracy, it does not address their other arguments.

Mr. Grissom fails to plead a conspiracy for two reasons. First, the second amended complaint alleges independent actions taken by some of the individual defendants but does not outline any agreement between them. (*See* doc. 54 ¶¶ 18, 23, 27–32). Second, Mr. Grissom's allegations regarding the alleged conspiracy are conclusory. (*See, e.g.*, *id.* ¶ 64). These allegations are not sufficient, and Mr. Grissom's complaint contains no factual allegations from which one could plausibly infer the existence of an agreement between the numerous defendants allegedly involved. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007); *Wainberg*, 93 F.4th at 1224.

In response, Mr. Grissom argues there was "multi-defendant coordination." (Doc. 59 at 21). But the portions of the complaint that Mr. Grissom relies on do not outline any factual allegations of "coordination" or an agreement (*see* doc. 54 ¶¶ 1–14, 63–67) or are conclusory (*see id.* ¶ 64). Mr. Grissom has failed to nudge his claims from possible to plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court therefore **GRANTS** the defendants' motions and **DISMISSES** Count Four for failing to state a claim **WITHOUT PREJUDICE**.

7

## III. CONCLUSION

The court **GRANTS** defendants' motions and **DISMISSES** Counts One, Two, and Three **WITHOUT PREJUDICE** for lack of jurisdiction and **DISMISSES** Count Four **WITHOUT PREJUDICE** for failing to state a claim. (Docs. 57, 61). The court **FINDS AS MOOT** Mr. Grissom's motion for a protective order (doc. 67) and his motion for continuation of partial summary judgment (doc. 74).

**DONE** and **ORDERED** this February 23, 2026.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE